NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDILCER MIGUEL-LOPEZ, AKA Ruperto Marcos Morales Perez, Francisco Rivera, Oscar Valdez, | No. 15-71726 |
| Petitioner, | Agency No. A098-440-226 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Edilcer Miguel-Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Miguel-Lopez's admitted falsehoods in his testimony, his sworn statements, and his previous asylum applications. *See Shrestha*, 590 F.3d at 1044 (adverse credibility finding must be based on the totality of the circumstances); *see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (An "applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Miguel-Lopez's explanations do not compel a contrary conclusion. *See Li v. Garland*, 13 F.4th 954, 960-61 (9th Cir. 2021). In the absence of credible testimony, Miguel-Lopez's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**